*200 By the Court,
Bronson, Ch. J.
The sheriff is entitled to double costs when he succeeds in an action brought against him for or concerning any act done by him by virtue of his office, or for or concerning his omission to do any act which it was his official duty to perform. (2 R. S. 617, § 24.) It is the official duty of the sheriff to pay over money which he has collected on execution; and if he omits to do so, an action will lie against him. Assumpsit may be brought in such a case. (Armstrong v. Garrow, 6 Cowen, 465.) (a) But the right to double costs cannot depend on the form of the action which the plaintiff may elect to bring, where the suit is in fact brought to charge the officer for an omission of official duty. I think the taxing officer was right on this question. It is' said that this doctrine will deprive the sheriff of the benefit of the short limitation in suits brought against him for omissions of official duty. (2 R. S. 296, § 22.) That is an argument, for so much as it is worth, against allowing the action of assumpsit to be brought in such a case, which is not an open question. But although the sheriff is sued in assumpsit, and without naming him as sheriff, I see no reason why he may not plead the three years’ limitation. It is true that the plea would have to be special. The defendant would first aver that he was sheriff, and that the action was brought to charge him for the alleged omission of an official duty; and then he might say, that the suit was not commenced within three years after the cause of action accrued. I cannot doubt that such a plea would be good, although by the general statute actions of assumpsit are not barred in less than six years. We must look at the substantial rights of the parties, rather than the forms in which those rights are asserted.
The defendant prevented a trial at the April circuit, 1841, and I see no reason why he should be paid for attending it. He waited so long before demanding security for costs that the plaintiff could not, by any diligence, have got the order to stay proceedings discharged in time to try the cause at that circuit. If security had been given the day the order was served, the *201 twenty days which the defendant had to except to the sufficiency of the sureties would have carried the cause over the circuit; and the order to stay proceedings is not discharged until the sureties ¡justify. (2 R. S. 620, §§ 1, 3, 5, 6.) It is said that the plaintiff should have countermanded the notice of trial. But that was not h'ebessáry after the defehdant had Obtained an order which destroyed the effect of the hotice. The charges for attending the birctiit ih question mhst be stricken out of the bill.
The questions to be discussed Oh the cáse were the same before the cir’cuit judge and in this court, and I think Only one charge should be allowed for brief or points on the argument.
Motion ¿ranted.

 See Lillie v. Hoyt, (5 Hill, 395.)